The document below is hereby signed.

Signed: June 4, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GEORGE W. CRAWFORD, | ) | Case No. 13-00759 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE OBJECTION TO EXEMPTIONS

First Washington Insurance Company has objected to the exemption of certain property in the Amended Schedule C filed by the debtor Crawford on May 3, 2014 (Dkt. No. 83). In particular, First Washington objects to Crawford's claims of exemption with respect to an alleged $1,500,000 cause of action (the "Cause of Action") against First Washington and others, and three pending appeals (the "Appeals") before the District of Columbia Court of Appeals (which Crawford values at $200,000). Crawford has asserted in his Amended Schedule C that the Cause of Action and the Appeals are all exempt under D.C. Code § 15-501(a)(11)(D). Crawford has further suggested that the Appeals are exempt because they are not property of the bankruptcy estate under § 541(a) of the Bankruptcy Code.

I

Crawford later filed on May 30, 2014, a further Amended Schedule C on which he no longer claims the Cause of Action to be exempt.  Accordingly, I will dismiss as moot the objection to the Cause of Action being claimed to be exempt.

II

If the Appeals are property of the estate, they cannot be exempted under D.C. Code § 15-501(a)(11)(D).  *See In re Lewis*, 305 B.R. 610 (Bankr. D.D.C. 2004).[1]

III

Nor can the Appeals be exempted as non-estate property. Fundamentally, it is only property of the estate that can be exempted, and an exemption of property that is not property of the estate is illogical and would not enhance a property's non-estate character.  Accordingly, I will dismiss any such claim of exemption as procedurally a nullity.

Whether the Appeals, if purely defensive in character, are not property of the estate, is an issue Crawford can litigate with the trustee as representative of the estate if it becomes relevant to administration of the estate, but that issue is

---

[1] If the Appeals would be successful and entail any rights to recover costs or sanctions against the parties who recovered judgments against Crawford in the trial court, such recoveries would plainly constitute property of the estate, and Crawford has not asserted a valid exemption claim as to such rights.

premature to address. No proceeding has been commenced (*e.g.*, a sale motion, as in *In re Croft*, 737 F.3d 372 (5th Cir. 2013)) in which the issue is relevant. And, to repeat, even if the Appeals *are* property of the estate, no valid exemption claim has been stated.

IV

An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification.